You may proceed, Counsel. Good morning. Counsel, you're supposed to come to the podium. Good morning. Good morning. May it please the Court. My name is Valmiki Reyes. I represent the petitioner, Ms. Kelly Contreras-Larios. This morning we are here on her claim for asylum, which was unfortunately pre-terminated before her merits hearing. The immigration judge decided her case based on her written declaration. We were not given an opportunity to have a full and fair complete hearing. The decision was appealed to the Board. The Board affirmed the decision and we appealed and we are now here before the Ninth Circuit on whether or not the proffered particular social group bore a nexus to a protected ground for her to be eligible for asylum. In a great sense, the immigration judge anticipated what matter of AB laid out in its, what matter of AB has laid out and where immigration judges are now trying to decide if they can still proceed and adjudicate claims based on someone's gender. Our position is that there is no meaningful distinction whether the petitioner was violated because of her gender and whether the gang sought to abuse her for financial gain and or revenge. Her gender is indisputably why she and not another person was threatened by the Maras. The IJ and the Board focused too narrowly on the immediate trigger for the Maras acts of terror at the expense of considering her gender. So your contention is that there was a mixed motive here, both gender and extortion? I believe it definitely should have been considered at least that hatred against women, misogyny and other words is a motive and that what happened to the respondent being held against her will for three days and raped repeatedly, why would someone want to punish a little girl that severely if she's unable to pay the extortion being demanded against her? It's not like she has a means of sustaining herself economically on her own. She's a young girl, unprotected, very vulnerable. What exactly is the particular social group? I noticed in her asylum application one of her proposed groups was as a young lady in Salvador. Wouldn't that be more cognizable than the one that related to gangs? I believe you're correct, your honor. I think it should be that simply succinct that gender alone can stand as a young being young and a young woman. We have recently found particular social groups, for example, as women in Guatemala. And I agree, your honor, and I do, I've seen in the last, towards the end of January, two courts in San Francisco and Arlington, Virginia, the immigration judges have granted cases similar to this. But in your brief to the BIA and in your briefs to this women in this country as the social group, correct? Correct, I did not. That was particularly because of the, that it hasn't been laid out that clearly for us before. We've been waiting for a rule to come out that defines particular social group and whether gender can be categorically accepted as a grounds, as a hasn't come out. It's this, this line of cases started with matter of RA in the year 2000. We're now in the year 2019 and we still have no clear-cut principle or guideline on this on this matter. So I'd like you to address the due process concern. And in particular, you filed a motion for reconsideration as contemporaneous with your request for an appeal in which you indicated that you objected to the fact that she did not have a hearing and that it was pre terminated by the IJ. You claim that to be a due process violation, that she had an absolute right to a hearing and she was denied that right. And yet from that point forward, that issue seemed to be dissolved. It seemed to disappear. And I'm, I'm interested to know whether you still claim that due process violation. Why you did not pursue this below. Your Honor, I, I, I, I agree with everything that you have just said. When I filed the motion to reconsider, I followed it at the immigration court level. The immigration judge who made the original decision to pre-term at the application rejected my motion to reconsider saying that it was now, since the case had been appealed, it was now at the level of the Board of Immigration Appeals. I should have filed. Basic, nobody, nobody addressed this due process concern that you raised in that motion for reconsideration because she said she has no jurisdiction because you've already filed a notice of that, right? Correct. And I should have at that point then filed a motion to reconsider explaining that argument at the level of the Board of Immigration Appeals. I did not. I, I assumed unfortunately that when I filed the appeal on the underlying denial of the, of, of the claims for relief, that the board would recognize the, the inherent due process violation. I did not spell it out specifically enough and I'm sorry that I did not. But counsel, both, despite the fact that your client did not give testimony, both the IJ and the BIA's decisions refer to her testimony as credible, as, as though she had given testimony. Isn't that just a blatant error when she wasn't allowed to testify and they're both relying, the immigration judge assumed for purposes of the respondent testified credibly as to her personal experiences. There was no testimony. That's correct. Did you assign that as error to us? I believe I did spell that out in my, in my opening brief. You didn't, the words due process appear nowhere in your brief, correct? No, they do not. And in the error you do not have as an error, your client's due process rights were denied because she wasn't allowed to testify. That's correct. So the question is then, can we nevertheless consider that issue? Well, I there is a Code of Federal Regulations statute that requires a full and fair hearing with testimony to be taken under oath and that's after the I-589 application has been filed. Unfortunately, I didn't have that when I submitted my opening brief. I would have included that information, which is very relevant to this claim. Well, the IJ also said that there must have been some communication with the court that you had with the IJ because she basically said that she informed you that she had this particular statement from your client and she seemed to suggest that you consented to, for her to go forward with the hearing, or you at least did not raise any objections, you know, based upon this communication that you had with her. Is that right? Do you remember that? I have been, yes. When I reviewed the transcript at one of the preliminary hearings, when we submitted a detailed declaration, the judge asked me so her written testimony is the same, will be the same as her oral testimony, correct? And I responded, yes. And based on that, she said, okay, well then we will have a merit state on such-and-such date. All right, so your don't need to have a hearing because a hearing was, in fact, scheduled for her testimony. You still wanted a hearing, but then you made no further objections at any time after that. No, because I did believe we were going to complete our next full merits on the scheduled date. So the first time you learned that this hearing was canceled was when the IJ issued her written order. Before that, you had no idea that there was going to be no hearing. After the IJ issued her written order, you filed the motion for reconsideration, which she rejected. Yes. And unfortunately, it's taken this long to resolve this issue. But did you raise it to the BIA? Not succinctly enough. I did not spell it out like I did. And was there a particular motivation on your part not to raise this due process concern that you had in the briefing to us? Unfortunately, in my briefing, I was focused on the reasoning provided by the board in affirming the IJ's decision, and I did not give enough, I didn't give any real clarification or position on the due process issue, unfortunately. You may proceed. May it please the Court. I'm Christina Greer on behalf of the Attorney General. Your Honors, asylum and withholding of removal are very narrow forms of relief and protection that are available to persons, not everyone who's been harmed in their home country or to all victims of crime, but they are limited to specific types of harm motivated by specific grounds that are limited to specific harm motivated by specific grounds. I understand the general law of asylum. Why don't we get to this case? Yes, Your Honor. Your Honor, Mr. Sorry. Putting aside for a moment the issues of waiver and exhaustion, do you agree that the IJ clearly erred as a matter of law in canceling the hearing without a stipulation that there be no hearing knowingly and voluntarily entered into by the petitioner? No, Your Honor, and there are multiple, or specifically two reasons why, or one reason, because it does appear on the record that there was such a stipulation. There were, where in 37 of the record, during the second hearing that counsel was present for Ms. Contreras, there's a discussion where the immigration judge says, provides a summary of a discussion that was off the record. Counsel came in and requested an additional continuance after a continuance was given in November. This was in March, requesting another continuance of the merits hearing. This was supposed to be her merits hearing, and the immigration judge states that off the record they had a discussion, determined that this could be determined based on her statement. The immigration judge said, it became clear that we have the issue of the threshold matter of eligibility, which is that even assuming that her claim regarding her factual experiences are correct, whether or not she's eligible for asylum. And so this is consistent with the idea of waiving testimony, which can inure to an applicant's benefit. Counsel, what's your response to the requirement of 8 CFR section 1003.25B, where the IJ is required to find that Contreras' waiver of rights was voluntary, knowing, and intelligent, and that the government met its burden approving a by stipulated removal proceedings? That's stipulated removal, which is a different procedure than an asylum application. So for stipulated removal, the idea is that you're foregoing a removal hearing entirely. Right, but what about the finding that the IJ is required to make that the waiver to the I believe I know the regulation you're talking about. It's not in the asylum realm. It is where one entirely forgoes, agrees that they're removable, forgoes any applications, and stipulates to their removal. It's still within the same category of obligations of the IJ that are in the form of any immigration proceedings, whether, regardless of the particular point of, part of relief, that you're going to waive your substantial rights, there has to be a finding on the record, or there would have to be a written stipulation, or something more than something that's kind of, you know, the IJ just reciting an off-the-record conversation. Well, that is, the immigration judge also, or two things actually, Your Honor. The immigration judge did ask both counsel to, whether this exchange, or this summary was correct, and both stated yes. But also, what you're discussing is addressed by this court in Ashodee v. Holder, which is 729 F. 3rd 883. It's an en banc decision from 2013, where the court talks about the regulations and what is required for an asylum hearing. And it's required that the applicant be put under oath, swear to her application, and that as long as the parties agree that the testimony would be consistent with the written statement and believable, then testimony is not necessarily required. And again, that can inure to an applicant's benefit, where an applicant does not want to relive the trauma, does not want to go under cross-examination. Here, perhaps, the applicant was very young, and she even previously stated on the record, at page 87, that she had never been harmed or injured in her country. So there could be numerous reasons why foregoing testimony and having... Is that what happened here? What happened in Ashodee was that both parties stipulated that the immigrant's testimony would both be consistent with their written statement and would be credible. Where in the counsel... Or first off, there's the summary by the immigration judge that counsel agreed to that says, assuming everything she claims is true. Perfect. Counsel says that's not what he agreed to. He thought there was gonna be a subsequent hearing where she would be able to testify. And that's relied by... On the very next page, on page 138 of the record, the immigration judge says, and then we'll come back for a decision regarding what is essentially a motion to pre-terminate the respondent's applications for relief. And he was given until June to file a brief on eligibility, and no brief was filed. It was originally set for October, but the shutdown happened in 2013, and so the hearing was set for the next January. Then in January... But if there's a fundamental constitutional right to have a hearing, and petitioner has a right to a hearing, isn't it incumbent upon the IGA, and for that matter, the court, in assessing a waiver of that right, that the petitioner be present, the petitioner be placed under oath, and the petitioner be questioned as to whether or not that waiver is free and voluntary? That hasn't been a requirement in the past. Matter of Fee Fee, which is a 1989 board decision, discusses this to some extent, and states that where there is a stipulation by counsel, this may be waived. And at times, it may not be possible to put an applicant under oath and have them do that. For example, if this is a paper hearing because the applicant is not competent. But this isn't that case. It's not, but she was put under oath. She was sworn to her application, and her counsel was asked whether on page 150 of the record, that her written testimony is basically her oral testimony, and that the issue is a legal one. And then she was deemed credible, which, as this court knows, many cases rise and fall on credibility. Here, all of her statements were taken as true. And she also got the benefit of being able to put forth a statement that went on with her attorney in the light most favorable to her, and it was all accepted as true. And her attorney chose not to pursue this as a claim before the board or before this court. You agree there was no colloquy at all between the IJ and the petitioner with regard to her giving up her right to testify orally, that whatever colloquy there was, was between the IJ and the petitioner's testimony? Yes. At least as far as I remember, in going back for supplemental briefing, which is due on Thursday, I will make sure to address that. And I have one other unrelated question. Can you tell us why the reconsideration motion was not a part of the certified record on appeal? I don't know for sure, but I believe what happened, it was filed with the immigration court one day before the appeal was filed with the board. And it's possible it did not make it to the file before this record was sent to the board. Is there any reason why we shouldn't treat it as if now that we have it, is there any reason why we shouldn't treat it as if it were part of the certified record on appeal? I can address that more in the supplemental briefing, but at the least, I don't yet have... I don't know an answer to that question right now, but I will address it in supplemental briefing. Do you agree it should have been part of the record? Yes, it should have made it to the board. And then the regulation states that the board may treat it as a motion to remand. So that, we confess error that it should have been included in the record initially. And in reading the board decision, I mean, there's nothing within the four corners of the writing where the board describes the fact that there was no hearing at which petitioner testified orally. It may not be inconsistent with that, but it doesn't say that explicitly anywhere in the board decision, correct? Correct, Your Honor. There was no argument to... Oh, I see that my time has expired. You can finish your question. Thank you, Your Honor. No, there's no indication in the board decision, because it was never raised to the board. And even though the motion to reconsider itself cites the regulation stating that if it's filed before an appeal, it will be sent to the board and the board can consider it a motion to remand, that wasn't put forward to the board. And so at this juncture, the board had no indication that this was an argument before. It seems like... It seems like from that, reading that motion for reconsideration, that the council did not agree that there should be no testimony. Otherwise, he wouldn't have made the argument that the due process rights of his client had been violated by the failure to get her testimony. It's possible, but we also don't know specifically why the arguments from that motion to reconsider weren't then put forward to the board. It could be that after seeing... Maybe because it's supposed to be a motion, it didn't transfer it. But it was rejected, so it was returned to him. And in his brief to the board, it states that it was rejected. So council knew it was rejected and didn't then re raise those issues. And so... And it's clear that due process was not raised by those terms before the board in petitioner's brief. Yes, Your Honor. In petitioner's brief to the board, it's mentioned in one line, which says that she had yet to complete her merits hearing, which on the record, the judge said multiple times, I'm setting it for another date for decision. At page 149 of the record at the very last hearing, the immigration judge said, I'm setting it for a decision, not I'm setting it for a merits hearing. And additionally, then on the next page, on page 14 of the record, it states that a motion to reconsider it was filed and that it was rejected, but no further allegation of error was made. But you've heard counsel's statement. I mean, he basically... What he said was when the IJ said to him, is this an accurate statement that she has made, which is the same that she would be necessarily making at a hearing? But is this an accurate statement? And he's, of course, replied, yes, it is. There is no question that was raised to him about the impact of that particular response. That is, by responding that this is the same as the testimony she would give at a hearing, you are thereby waiving a hearing. There's nothing about waiver of hearing in that particular colloquy, is there? Not that I see. Again, looking at the context, the context is that there wouldn't be a hearing, but even so, that issue should have been raised to the board. The agent... This is a due process violation allegation that first should be put forth to the agency because it's something they can remedy, but it wasn't. Well, you've heard representation from counsel that he did not understand the consequences of the particular statement when he said, yes, this is similar to what you testified to at a hearing. He didn't understand that that would necessarily mean that everything would be pretermitted. And in that situation, then, it should have been part of the brief to the board, but it wasn't. So, alright, thank you, counsel. You've gone well over your time. I'll give you a minute or so to respond. Thank you. I'm just gonna briefly refer to the transcript that we've been discussing, the part where I agreed with the off the record, a discussion with the judge about her written testimony being the same as her oral testimony. And that's ER what? It's pages 149 and 150 of the CAR, Certified Administrative Record. Starting on page 149, the judge is looking for a date to schedule the merits hearing. She suggests May 13th at 1 p.m. The government counsel had some difficulty making sure she was available, and then the judge says, All right, ma'am, your next hearing date is May 13th, 2014 at 1. Should you fail to appear for your hearing at that time and date, you will be ordered to remove in your absence. Do you understand? She says yes. And then the written testimony is basically her oral testimony and the issue is a legal one, correct? Yes. That's because she had already suggested that there was a threshold eligibility issue. I was just trying to make sure that we had a position to stand on that would say this was what our claim is based on. I agreed that her written testimony would be the same as her oral testimony because I had already, in my mind, accepted a merits date where she would be allowed to testify. Thank you. Thank you, Counsel. Okay. Contreras, Larios versus Bars.
judges: Wardlaw, Sessions, Bennett